**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

ROLANDO RODRIGUEZ-FLORES, et al.,

        Petitioners,

v.                                    CIVIL ACTION NO.  3:26-cv-00169

LEONARD ODDO, et al.,

        Respondents.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the Motion to Transfer Venue, (ECF No. 14), of Respondents Leonard Oddo, Facility Administrator of the Moshannon Valley Processing Center ("MVPC"); John Rife, the Field Office Director of the Philadelphia Field Office of ICE; Todd Lyons, the Acting Director of ICE; Kristi Noem, the Secretary of Homeland Security; and Pamela Bondi, the United States Attorney General, (collectively the "Government").   For the reasons discussed below, the Court **GRANTS** the motion.

### I.      *BACKGROUND*

On Thursday February 26, 2026, Petitioner Rolando Rodriguez-Flores ("Petitioner") was pulled over for an alleged tinted window violation and subsequently arrested and jailed by ICE. (ECF No. 1 at 8, ¶ 3.)   At first, Petitioner was detained at Western Regional Jail ("WRJ"), and it was understood that Petitioner would be transferred to South Central Regional Jail ("SCRJ") on Friday, February 27, 2026.   (*See id* at 5, ¶ 12.)   However, ICE instead transferred Petitioner to MVPC in Phillipsburg, Pennsylvania.   (*Id.* at 1, ¶ 1.)   This transfer occurred on February 27,

1

2026.  (*See id.* at 7, ¶¶ 25–26.)  Then, three days later, on March 2, 2026, Petitioner filed the pending Petition for Writ of Habeas Corpus.  (*id.*)  It is undisputed that when Petitioner filed his Petition in this Court, he was in the Custody of MVPC, a facility within the Western District of Pennsylvania.[1]  (*See id.* at 1, ¶ 1.)

Pursuant to the Court's Briefing Order,[2] (ECF No. 10), both the Petitioner and the Government filed respective responses to the Order.  (*See* ECF Nos. 13, 15.)  Of relevance, the Government also moved to transfer the Petition for lack of jurisdiction.  (ECF No. 14.)  Petitioner filed a Reply, (ECF No. 16.), and both parties made several filings with supplemental information, (ECF Nos. 13-1, 13-2, 14-1).  As such, this issue is fully briefed and ripe for adjudication.

## II.    LEGAL STANDARD

Title 28 U.S.C. § 1631 provides a court with authority to transfer a case for lack of jurisdiction.  Specifically, Section 1631 provides that "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed."  28 U.S.C. § 1631; *see also* 28 U.S.C. § 1406(a).

## III.    DISCUSSION

Petitioner contends that this Court has jurisdiction over his petition, even though he was confined within the Western District of Pennsylvania when he filed his Petition.  (*See generally* ECF No. 13.)  The Government, however, argues that this Court does not have jurisdiction

---

[1] MVPC is located in Clearfield County, Pennsylvania, which is located within the jurisdictional boundaries of the Western District of Pennsylvania. *See Moshannon Valley Processing Center*, U.S. Immigr. & Customs Enf't, https://www.ice.gov/detain/detention-facilities/moshannon-valley-processing-center; *see also* 28 U.S.C. § 118(c).

[2] This Court entered an order directing the parties to file briefings "on why this Court has jurisdiction."  (ECF No. 10.)

2

because Petitioner was not within this district when he filed his Petition.   (*See generally* ECF No. 15.)

In *Rumsfeld v. Padilla*, 542 U.S. 426, 448–49 (2004), the Supreme Court created a "bright-line rule" for habeas challenges to present confinement.   Under this rule, "jurisdiction lies in only one district: the district of confinement."[3]   *Id.* at 443.   Accordingly, pursuant to this rule, a district court only has jurisdiction if the petitioner is physically within that court's district *at the time of filing* his petition.[4]   *See id.* at 448–49.

Here, the timing is clear: when Petitioner filed his petition he was in the Western District of Pennsylvania, not this district.   (ECF No. 1 at 1, ¶ 1.)   This Court in two other cases has already determined that it does not have jurisdiction over similar petitioners.   *See Gonzalez Falla v. Oddo*, 3:26-cv-00172 (S.D. W. Va. March 11, 2026) (ECF No. 16) (Goodwin, J.) (transferring petition to the Western Distrct of Pennsylvania); *Gonzalez-Hernandez v. Oddo*, 2:26-cv-00179, 2026 WL 672754 (S.D. W. Va. March 10, 2026) (Berger, J.) (transferring petition to the Western District of Pennsylvania).   In both cases, the petitioners filed their habeas corpus petitions *days after* they had been moved out of this district and into the Western District of Pennsylvania.   *Gonzalez Falla*,

---

[3] The Kennedy concurrence suggests acknowledging an exception if the Government attempts to make it "difficult" for the petitioner's lawyer to know where to file a petition, or if the government is not "forthcoming with respect to the identity of the custodian and the place of detention."   *Padilla*, 542 U.S. at 454 (Kennedy, J., concurring).   Here, however, Petitioner attempts to stretch Kennedy's concurrence and asks this Court to create an exception when the Government makes a bad-faith transfer of a petitioner.   (*See generally* ECF No. 13.)   Yet there is no established exception to the bright line rule for bad faith forum shopping by the Government.   *See Padilla*, 542 U.S. at 448 ("The dissent cites no authority whatsoever for its extraordinary proposition that . . . jurisdiction might be premised on 'punishing' alleged Government misconduct.").   Further, recognizing an exception would be unnecessary because the courts are open to Petitioner in the Western District of Pennsylvania.    *See id.* at 432, 441 (finding the petitioner could have brought his petition in the District of South Carolina because that court "acquired jurisdiction" over the petitioner through his physical confinement in the district).   Thus, I would transfer regardless of the ICE motivation in order to comport with the "longstanding" bright line rule.   *See id.* at 449.

[4] The only limited exception to this rule is when "a prisoner is held in an undisclosed location by an unknown custodian [because] it is impossible to apply the immediate custodian and district of confinement rules."   *Padilla*, 542 U.S. at 450 n.18; *see also Suri v. Trump*, No. 25-1560, 2025 WL 1806692, at *4–5 (4th Cir. July 1, 2025) (discussing the "unknown custodian exception").

3

(ECF No. 16) (filing petition three days after detainment at MVPC); *Gonzalez-Hernandez*, 2026 WL 672754, at *2 (filing petition eight days after detainment at MVPC).   As such, the relevant facts are identical to the present case, and the Court adopts their reasoning entirely.

Accordingly, the Court similarly finds it does not have jurisdiction over this action.

### IV.   CONCLUSION

For the reasons discussed herein, the Court **FINDS** that it does not have jurisdiction over this matter.   The Court further **DIRECTS** the Clerk of this Court to **TRANSFER** this civil action to the **Western District of Pennsylvania**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:      March 23, 2026

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE